OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, finding defendant-appellant, Aron Patrick Toole, guilty on two counts of burglary, in violation of R.C. 2911.12(A)(3), along with his subsequent sentencing thereon.
On or about January 20, 1998, appellant, without invitation, entered the home of Nancy Juillerat and the home of Randall Leyshon. While in Leyshon's home, appellant took a purse and emptied its contents. (Tr. 3). Appellant also entered Leyshon's car. (Tr.4). Appellant was ultimately arrested and charged with two counts of burglary.
Appellant entered into a plea negotiation with appellee, whereby he agreed to plead guilty to both charges. The trial court sentenced appellant in accordance with Am.Sub.S.B. No. 2, and ordered appellant to serve two definite, five-year incarceration terms in the Lorain Penitentiary. These sentences were to be served consecutively, for an aggregate incarceration term of ten years. This appeal followed.
Since appellant's first and second assignments of error have a common basis in law and fact, they will be discussed together and allege respectively as follows:
 "The trial court abused its discretion by failing to perform the seriousness and recidivism analysis required by R.C. 2929.12 at the sentencing hearing and in the judgment entry."
 "The trial court abused its discretion by failing to impose the shortest term of incarceration permitted by R.C. 2929.14."
Appellant's argument centers around the trial court's sentence of the maximum term allowed by statute. Appellant argues that there was nothing in the sentencing hearing or the judgment entry to indicate that the trial court actually weighed any of the factors listed in R.C. 2929.12. Therefore, appellant maintains that the trial court committed reversible error.
In State v. Pickford (Feb. 22, 1999), Jefferson App. No. 97 JE-21, unreported, this court held that with the passage of Am.Sub.S.B. No. 2, we would no longer review a felony sentence under the abuse of discretion standard. This court also stated that it would not always follow a silent record presumption. R.C.2953.08 sets forth new rights and procedures for appellate review of sentences that violate the provisions of Revised Code Chapter 2929. R.C. 2953.08 (A) provides grounds for a defendant's appeal of right, including:
 "(1) The sentence consisted of or included the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Code and was not imposed pursuant to division (D)(3)(b) of section 2929.14 of the Revised Code, and the court imposed it under one of the following circumstances:
"(a) The sentence was imposed for only one offense.
 "(b) The sentence was imposed for two or more offenses arising out of a single incident, and the court imposed the maximum prison term for the offense of the highest degree."
"* * *
"(4) The sentence is contrary to law."
Once an appellant establishes a ground for appeal under R.C.2953.08, then R.C. 2953.08 (G) governs the scope of appellate review. R.C. 2953.08 (G) states, in pertinent part:
 "(G) The court hearing an appeal of a sentence under this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(1) That the record does not support the sentence;
"* * *
"(4) That the sentence is otherwise contrary to law.
In the case at bar, appellant pled guilty to two counts of burglary, a third degree felony which carries a possible incarceration term of two, three, four, or five years under2929.14(A)(3). The trial court sentenced appellant to serve two definite, consecutive five-year incarceration terms which is the maximum sentence authorized. R.C. 2929.14 (B) states that if a criminal offender has not previously served a prison term, then the trial court will impose the shortest prison term authorized for the offense unless, "* * * the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." Under R.C. 2929.14 (C) a trial court may impose the longest incarceration term authorized under R.C. 2929.14 (A) if the trial court finds that the offender committed the worst form of the offense, that the offender poses the greatest likelihood of committing future offenses, that the offender is a major drug offender, or that the offender is a repeat violent offender. Furthermore, R.C. 2929.14 (E) discusses a trial court's ability to impose consecutive prison terms, stating:
"* * *
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
"* * *
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
Appellant argues that there is nothing in the record indicating that the trial court considered the sentencing criteria set forth in R.C. 2929.12. This contention is without merit, as the trial court clearly stated in its June 18, 1998 judgment entry that it balanced the seriousness and recidivism factors of R.C. 2929.12. Moreover, in sentencing appellant, the trial court made the following statement:
 "THE COURT: That's my point. You just turned into an adult which means you don't have an extensive adult history. You only have about 10 things that you did on January 20, 1998. You were wanted in Lawrence County, Pennsylvania. But you do have 10 items on your juvenile record all involving theft. You dropped out of Campbell Memorial High School.
 You've never been gainfully employed for any period of time. You break into people's houses all the time. And you have already fathered a child. Now, I don't know what could be done short of locking you up to stop you from doing this.
 "Your attorney was impressed that you had a fear of your mother. Obviously not enough fear of your mother, or you wouldn't have had 10 trips to juvenile court. If you were in fear of your mother you wouldn't father a child with no high school education and no job.
 "You are a thief. I don't think there is many worse crimes short of a death that is more heinous than breaking into one's home. And to wake up and find you there is a horrible feeling to a home owner. Stealing from one's garage or one's car is one thing. But when you enter somebody's home and you stand in their house, you have violated that privacy. Therefore, the Court doesn't like burglars. I don't think you're gonna (sic) change. Mahoning County jail doesn't scare you, because you've been there before. We're gonna (sic) see what the penitentiary does to you.
"* * *
 "You get one chance with me in this court, and your chance is you're gonna (sic) go to Lorain Penitentiary. After the appropriate period of time, which I believe will be six months, you will come back before me. I will look at how you behaved in the penitentiary. At that time I will determine whether you're going to a four-month in-house treatment program for your marijuana addiction and your sticky fingers. If you violate any of that, you will do 10 years. That will keep you out of everybody's home, for one thing. Do you understand?" (Tr. 11-13). (Emphasis added)
Furthermore, the trial court' satisfied the requirements of R.C.2929.19(B)(2)(c), when it put forth its findings in its June 18, 1998 judgment entry, stating:
 "The Court finds that Defendant has pled guilty to 2 Counts of Burglary, violations of R.C. 2911.12(A) (3)(C) felonies of the third degree. The Court further finds the Defendant is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11.
 "The Court finds pursuant to R.C. 2929.14 (B) that the shortest prison term possible will demean the seriousness of the offense AND will not adequately protect the public and therefore imposes a greater term.
 "The Court finds that Defendant has committed the worst form of the offense, poses the greatest likelihood of recidivism, AND THEREFORE imposes the maximum sentence for this offense.
The trial court made the requisite finding under R.C. 2929.14
(B), thereby allowing it to impose the maximum sentence, as it recognized the seriousness of appellant's crime and found that the minimum sentence would demean the seriousness of this crime. The trial court's finding that appellant committed the worst form of the offense satisfied the requirement of R.C. 2929.14(C), and permitted the trial court to impose the longest incarceration term authorized. The trial court also found that appellant would not stop engaging in theft, as it considered appellant's prior acts of theft from his extensive juvenile record, and concluded that such propensity for theft threatened the public. This finding satisfied the mandates of R.C. 2929.14(E)(4)(c), and permitted the trial court to impose consecutive sentences. Given that the trial court made the requisite findings to support its sentence, such sentence was clearly and convincingly supported by the record and not contrary to law. Therefore, the trial court did not err in sentencing appellant.
Appellant's first and second assignments of error are found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J, concurs.
Waite J., concurs.
 APPROVED: ______________________________ EDWARD A. COX, PRESIDING JUDGE